**Earl Frances MINK a/k/a Earl Francis Mink, Petitioner-Appellant,**

v.

**George A. KROPP, Warden, State Prison of Southern Michigan, Respondent-Appellee.**

No. 16181.

United States Court of Appeals
Sixth Circuit.

May 17, 1966.

John Stith, Cincinnati, Ohio, for appellant.

Luke Quinn, Asst. Atty. Gen., Lansing, Mich., for appellee, Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing, Mich., on brief.

Before EDWARDS, Circuit Judge, BROOKS, District Judge *, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Appellant, Earl Frances Mink, pleaded guilty to a charge of breaking and entering in the nighttime, before the Circuit Court for Monroe County, Michigan, and was sentenced to three and one-half to fifteen years in the state penitentiary on February 16, 1956. Thereafter, on August 15, 1956, appellant was released from prison on parole status, which was revoked in November 1959. On March 24, 1960, appellant wrote a letter to Honorable William J. Weipert, Jr., a Circuit Judge of Monroe County, wherein he stated that he had pleaded guilty in Monroe County only to escape prosecution in Wayne County. In July 1960, appellant filed a motion in the Monroe County Circuit Court to set aside his plea of guilty, and for a new trial on the principal grounds of duress and coercion on the part of both Wayne and Monroe County police officers. A hearing was had on this motion on July 19, 1960, at which appellant, represented by counsel, was present. Witnesses were heard. Judge Weipert, after hearing five and one-half hours of testimony and two hours of argument, rendered an opinion and findings denying the motion to set aside the plea of guilty and for a new trial.

In March 1964, appellant filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan. His petition was based on the contention that he had been coerced into entering a plea of guilty by incompetent counsel.

On the hearing of the petition, both appellant and his court-appointed counsel, who, he alleged, was incompetent, and who, he claimed, coerced him into a plea of guilty, were witnesses. Their testimony was in direct conflict. After a hearing, which embraced testimony, running to sixty typed pages, Judge Wade H. McCree, Jr. made a careful assessment of the evidence and filed a six-page opinion, setting forth his reasons for believing the testimony of appellant's court-appointed counsel, and for disbelieving the testimony of appellant; and, in accordance with these conclusions and findings, he entered an order denying the petition for the writ of habeas corpus.

* HENRY L. BROOKS, Chief U. S. District Judge for the Western District of Kentucky, sitting by designation.

Upon our review of the record and the testimony, it appears that the findings of the district court were amply supported by the evidence, and required denial of the writ. The order of the district court is, accordingly, affirmed.